IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   10-cv-02916-WYD

CECIL BYNUM,

      Applicant,

v.

WARDEN MILYARD, and
CATHERINE P. ADKISSON, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

AMENDED ORDER TO DISMISS IN PART AND FOR ANSWER

---

I.      Background

      Applicant Cecil Bynum is in the custody of the Colorado Department of

Corrections at the Sterling, Colorado, Correctional Facility.  Mr. Bynum, acting *pro se*,

has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  In

an order entered on February 1, 2011, Magistrate Judge Boyd N. Boland directed

Respondents to file a Pre-Answer Response limited to addressing the affirmative

defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court

remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both

of those affirmative defenses in this action.  On February 22, 2011, Respondents filed

their Pre-Answer Response.  Mr. Bynum filed a Reply on March 11, 2011.

      Mr. Bynum was convicted by a jury of possession of more than one gram of a

schedule II controlled substance (cocaine) in Denver County District Court Case No.

05CR1502 and was sentenced as an habitual criminal to twenty-four years of

incarceration.  Mr. Bynum filed a direct appeal that was denied by the state's highest

court on August 4, 2008.  The conviction, therefore, was final on November 2, 2008.

*See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).  Mr. Bynum filed a Colo. R.

Crim. P. 35(c) postconviction motion on September 4, 2008, in which a petition for

certiorari review was denied on November 15, 2010.

Mr. Bynum asserts three claims in the Application, including: (1) a violation of his

due process rights and ineffective assistance of counsel regarding the loss of

transcripts; (2) a violation of his due process rights and an ineffective assistance of

counsel regarding discovery; and (3) a violation of his due process rights and an

ineffective assistance of counsel regarding his arrest.  Respondents concede in the Pre-

Answer Response that Mr. Bynum's Application is timely and his ineffective assistance

of counsel claims stated in Claims Two and Three are exhausted, but they argue that

Claim One and the due process claim stated in Claim Two are procedurally defaulted in

state court.

II.    Analysis

The Court must construe liberally the Application and all other pleadings because

Mr. Bynum is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519,

520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the

Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

A.    Exhaustion/Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus

may not be granted unless it appears that the applicant has exhausted state remedies

or that no adequate state remedies are available or effective to protect the applicant's

rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).  The requirement of exhaustion of state remedies in federal habeas cases dictates that a state prisoner must "give the state courts a full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.

"The exhaustion requirement is not one to be overlooked lightly."  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

In Claim One, Mr. Bynum contends that the record of a preliminary hearing was either lost or not transcribed, specifically the portion of the hearing that involved Mr. Bynum's first attorney's request to preserve the dashboard video from the arresting police officer's vehicle and the testimony of one of the arresting officers.  Mr. Bynum also asserts that the trial court and the Colorado Court of Appeals (CCA) violated his due process rights because neither court would address his request for the preliminary hearing transcript.  Mr. Bynum further contends that his second appointed attorney was ineffective in not having the preliminary hearing proceeding transcribed to determine the consistency of the arresting officer's testimony at trial.

The Court has reviewed Mr. Bynum's opening brief in the appeal of his Colo. R. Crim. P. 35(c) postconviction motion.  Although the brief is repetitive and disjointed, it is clear that Mr. Bynum did not assert in the brief the issues he raises in Claim One.  In the brief, Mr. Bynum asserted that the second-appointed trial counsel was ineffective in not determining whether the police car had a dashboard video camera and in not seeking testimony from the other four officers who were present during his arrest.
The other issues Mr. Bynum raised include: (1) postconviction court's abuse of discretion in construing his request for a loan of transcripts as a Rule 35(c) postconviction motion; (2) trial court's error in not addressing his previous municipal trespass tickets; and (3) a due process rights violation because his identification records and personal property were seized and not returned to him for thirteen months.

Although in the opening brief Mr. Bynum did discuss his inability to obtain the transcript of the preliminary hearing, he did not raise a violation of his due process rights with respect to this claim.  Mr. Bynum also concedes that the due process claims he

raised in his opening brief did not relate to his preliminary hearing due process violations.  Reply at 8.  He further concedes that he did not raise an ineffective assistance of counsel claim regarding the police officer's inconsistent statements in the trial court.  Reply at 5.  Mr. Bynum, however, argues that he was not required to raise either the due process claim or the ineffective assistance of counsel claim until it was determined that a transcript of the preliminary hearing either was lost or did not exist.

To the extent Mr. Bynum raised the due process and ineffective assistance of counsel claims (asserted in Claim One) in his reply and petition for rehearing on appeal, the United States Court of Appeals for the Tenth Circuit has found that raising an issue in a reply brief is "too late" for an appeal court to consider the issue.  *See Bethurum v. Zavaras*, 2009 WL 3601242, No. 08-1267 (10th Cir. (D. Colo.) Nov. 3, 2009) (not selected for publication) (citing *People v. Czemerynski,* 786 P.2d 1100, 1107 (Colo. 1990)).  In *Czemerynski*, the Colorado Supreme Court, relying on 9 Wright and Miller, *Federal Practice and Procedure* § 3974 (1977) (issue not raised in original brief normally not considered by court), refused to consider an argument on appeal that was not raised at trial or in a defendant's opening brief.  *Id.* at 1107; *accord People v. Salinas,* 55 P.3d 268, 270 (Colo. App. 2002) (court refused to consider issue raised for first time in reply brief).  Mr. Bynum, therefore, has failed to present Claim One in a full round of the State's established appellate review process as required by *O'Sullivan.*  As a result the CCA did not address the issues in Claim One and the claim is not exhausted.

In Claim Two, Mr. Bynum asserts that his due process rights were violated because he was denied discovery regarding whether the patrol cars at the scene of his

arrest had dashboard video cameras.  The Court reviewed Mr. Bynum's reply and

petition for rehearing on appeal to determine if he raised a due process claim regarding

the discovery issue.  Although Mr. Bynum asserted in the reply and the petition that the

failure to preserve the discovery issue violated his due process rights, Mr. Bynum again

failed to present this claim in a full round of the State's established appellate review

process as required by *O'Sullivan*.  Therefore, the Court finds that Mr. Bynum failed to

exhaust the due process issue in Claim Two.

Unexhausted habeas claims are precluded from federal habeas review when the

claims have been defaulted in state court on an independent and adequate state

procedural ground.  *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations

omitted).  "A state procedural ground is independent if it relies on state law, rather than

federal law, as the basis for the decision . . . .  For the state ground to be adequate, it

must be strictly or regularly followed and applied evenhandedly to all similar claims."

*See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and

citations omitted).  Also, if it is obvious that an unexhausted claim would be procedurally

defaulted in state court the claim is held procedurally barred from federal habeas

review.  *Steele*, 11 F.3d at 1524 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1

(1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)).

The Colorado Rules of Criminal Procedure prohibit successive postconviction

Rule 35 motions with limited exceptions.  *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII).

The exceptions are not applicable to Claim One or the due process issued in Claim

Two.  *Id.*  For Mr. Bynum not to raise the ineffective assistance of counsel claim or the

due process claim until his reply or petition for rehearing on appeal, there is neither a

basis for an event that took place after the initiation of his prior appeal or his postconviction proceeding, or evidence that could not have been discovered through the exercise of due diligence.  *See* Rule 35(c)(3)(VI) and (VII).

A procedural default may be "excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).  Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns.  *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991).  Mr. Bynum's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Construing his Application and all other pleadings liberally, Mr. Bynum does not argue any basis for finding prejudice and a miscarriage of justice.  To demonstrate cause for his procedural default, Mr. Bynum must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).  Ineffective assistance of counsel may establish cause excusing a procedural default.  *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998).  Mr. Bynum, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to

establish cause for a procedural default." *Murray*, 477 U.S. at 488-89.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In order to demonstrate a fundamental miscarriage of justice, Mr. Bynum first must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence- -that was not presented at trial." *Id.* Mr. Bynum then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence" *Id.* at 327.

Mr. Bynum knew prior to filing his postconviction motion about trial counsel's failure to pursue the police officer's inconsistent testimonies. As for Mr. Bynum's unavailable transcript claim, Mr. Bynum filed a motion for "loaner transcripts" as early as December 21, 2007, and was well aware of the unavailable transcript prior to filing his postconviction motion on September 9, 2008. To the extent Mr. Bynum's preliminary hearing transcript claim has merit, he was not precluded from raising the unavailable transcript claim as a violation of his due process rights at the time he filed his postconviction motion. Mr. Bynum fails to show that a factor external to the defense impeded his ability to comply with the state's procedural rule. He also fails to present any new reliable evidence that demonstrates he is actually innocent. As a result, Claim One and the discovery issue in Claim Two are barred in a federal habeas action.

III.    Conclusion

Based on the above findings, it is

ORDERED that Claim One and the discovery issue in Claim Two are procedurally barred from federal habeas review and dismissed from this action.  It is

FURTHER ORDERED that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the ineffective assistance of counsel issue in Claim Two and all of Claim Three as identified above.  It is

FURTHER ORDERED that within thirty days of the filing of the answer Mr. Bynum may file a reply if he desires.  It is

FURTHER ORDERED that within thirty days from the date of this Order the Respondents shall file with the Clerk of the Court, in electronic format if available, a copy of the complete record of Mr. Bynum's state court proceedings in Case No. 05CR1502, including all documents in the state court file and transcripts of all proceedings conducted in the state court, but excluding any physical evidence (as opposed to documentary evidence) not relevant to the asserted claims.  It is

FURTHER ORDERED that Respondent Catherine P. Adkisson is dismissed as an unnecessary party to the action.  It is

FURTHER ORDERED that the Clerk of the Court is directed to send copies of this Order to the following:

    (1)     Clerk of the Court
             Denver County District Court
             1437 Bannock Street Room # 256
             Denver, Colorado 80202;

    (2)     Assistant Solicitor General
             Appellate Division
             Office of the Attorney General
             1525 Sherman Street
             Denver, Colorado  80203; and

    (3)     Court Services Manager
             State Court Administrator's Office
             101 W. Colfax, Ste. 500
             Denver, Colorado  80202

Dated April 29, 2011, at Denver, Colorado.

BY THE COURT:


s/ Wiley Y. Daniel_____
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE