IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   10-cv-02916-WYD

CECIL BYNUM,

     Applicant,

v.

KEVIN MILYARD, Colorado Department of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

ORDER DENYING MOTION TO OBJECT
TO THE DISMISSAL OF CLAIMS

---

Applicant Cecil Bynum, acting *pro se*, filed a Motion to Object to the Dismissal of Claims ("Motion") [Doc. No. 26] and asked that I reconsider the dismissal of Claim One and part of Claim Two in the Amended Order to Dismiss in Part and for Answer [Doc. No. 24], entered on April 29, 2011.  I must construe the Motion liberally because Mr. Bynum is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the Motion will be construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). I will consider Mr. Bynum's Motion to Object as a Motion to Reconsider filed pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

I dismissed Claim One and the discovery issue in Claim Two as procedurally barred from federal habeas review.

Mr. Bynum alleges in the Motion to Reconsider that the State of Colorado's appeal procedures under Colo. R. Crim. P. 35(c) are unconstitutional in that he is not entitled to appointment of counsel in a postconviction proceeding under Rule 35. He also contends that Colorado state law violates his equal protection rights because the state does not allow ineffective assistance of counsel claims to be raised on direct appeal where they may be argued by appointed counsel. Mr. Bynum further argues that

none of the legal materials available to him state he must raise and exhaust a federal constitutional claim in state court to preserve the claim for filing in a federal court. Finally, Mr. Bynum asserts that his trial transcript claim was an ongoing issue and was raised in each filing he submitted to state court.

Upon consideration of the Motion and the entire file, I find that Mr. Bynum fails to demonstrate some reason why I should reconsider and vacate the order to dismiss this action. First, as stated in the April 29 Order, Mr. Bynum did not raise a due process violation claim in any state court proceeding with respect to the alleged disappearance of the transcripts in Colorado Criminal Case. No. 05R1502. Second, Mr. Bynum does not address in the Motion why he failed to exhaust the discovery issue in Claim Two.

Furthermore, Mr. Bynum's arguments regarding the constitutionality of Rule 35 are without legal basis. Only being able to challenge the effectiveness of trial counsel in a collateral proceeding does not violate Mr. Bynum's due process or equal protection rights. Claims of ineffective assistance of counsel should be brought for the first time on collateral review. *United States v. Galloway*, 56 F.3d 1239 (10th Cir. 1995) (en banc); *see also, English v. Cody*, 146 F.3d 1257, 1262 (10th Cir. 1998) (applying *Galloway* to § 2254 action).

Furthermore, there is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Therefore, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir.

1998); see also Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding").

Furthermore, Mr. Bynum's argument that he was not fully aware that he must present a federal constitutional claim to the state court for the claim to be exhausted lacks merit. "[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir.2000) (internal quotation marks omitted). Based on the above findings, the Motion will be denied. Accordingly, it is

ORDERED that the Motion to Reconsider Order Dismissing Case (Doc. No. 26) filed on May 17, 2011, is denied.

Dated: August 29, 2011.

BY THE COURT:

s/ Wiley Y. Daniel  
WILEY Y. DANIEL,  
CHIEF UNITED STATES DISTRICT JUDGE