IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-02916-WYD

CECIL BYNUM,

    Applicant,

v.

KEVIN MILYARD, Colorado Department of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DENYING MOTION TO RECONSIDER

---

    At issue is Applicant's filing titled, "Pursuant to Fed. R. Civ. P. 60(b)," Doc. No. 40, that was submitted to the Court on December 19, 2011.  I must construe the filing liberally because Applicant is proceeding *pro se*.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  This case was dismissed in part on April 29, 2011.  A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b).  *See Id.* (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).  I, therefore,

will consider the filing as a Motion to Reconsider filed pursuant to Rule 60(b).

In the filing, Applicant requests that I order or request that the Colorado Court of Appeals "send this [C]ourt any and all responds [sic], and court orders, regarding the filing of the supplemental record, which were directed to the trial court from the court of appeals." Mot. at 1.  Applicant seeks copies of the responses and orders because he was transferred to another prison facility and the copies he had in his possession were lost during the transfer.  Applicant also appears to challenge the April 29, 2011 Order to Dismiss in Part, Doc. No. 24, regarding the dismissal of Claim One and the discovery issue in Claim Two.

Relief under Rule 60(b) is appropriate only in extraordinary circumstances.  *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).  Upon consideration of the Motion to Reconsider and the entire file, I find that the Motion to Reconsider fails to demonstrate some reason why the Court should reconsider and vacate the April 29 Order to Dismiss in Part.  Furthermore, because I find no basis for vacating the April 29 Order to Dismiss Applicant's request for certain state court records is not justified at this time.  Accordingly, it is

ORDERED that the filing titled, "Pursuant to Fed. R. Civ. P. 60(b)", Doc. No. 40, filed on December 19, 2011, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and is denied.

Dated: January 3, 2012.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE