IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   10-cv-02916-WYD

CECIL BYNUM,

    Applicant,

v.

KEVIN MILYARD, Colorado Department of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DENYING MOTION TO RECONSIDER

---

    At issue is Applicant's filing titled, "Motion Requesting Clarification of Court Order," Doc. No. 42, that was submitted to the Court on January 17, 2012 [ECF No. 42]. I must construe the filing liberally because Applicant is proceeding *pro se. See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

    The Motion is Applicant's third attempt to challenge the April 29, 2011 Order to Dismiss in Part. Respondents were directed to respond to the January 17 Motion, which they did on February 8, 2012. For the following reasons, I will construe the Motion as filed pursuant to Fed. R. Civ. P. 60(b) and deny the Motion.

Applicant contends that I misconstrued his requests in the December 19, 2011 Motion to Reconsider for "any and all responds [sic], and court orders, regarding the filing of the supplemental record, which were directed to the trial court from the court of appeals." Applicant asserts that he seeks copies of the responses and orders to demonstrate that his unavailable transcript claim is not procedurally defaulted and should be considered on the merits.

Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994). Upon consideration of the Motion to Reconsider and the entire file, I find, as I found in his two previous motions to reconsider regarding this issue, that Applicant fails to demonstrate some reason why the Court should reconsider and vacate the April 29 Order to Dismiss in Part.

As found in the April 29 Order, Applicant did not raise the transcript issue in a postconviction motion, even though he was aware of the alleged unavailable transcript prior to filing a postconviction motion in September 2008. Nothing Applicant asserts in his third Motion to Reconsider supports a finding that a factor external to the defense impeded his ability to comply with the state's procedural rule and that he presented an independent claim regarding the factor and impediment. The transcript issue, therefore, is procedurally defaulted and barred from federal habeas review.

Accordingly, it is

ORDERED that the filing titled, "Motion Requesting Clarification of Court Order," Doc. No. 42, filed on January 17, 2012 [ECF No. 42], is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and is denied.

Dated: February 17, 2012.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE