IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   10-cv-02916-WYD

CECIL BYNUM,

    Applicant,

v.

KEVIN MILYARD, Colorado Department of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant Cecil Bynum was a parolee of the Colorado Department of Corrections and resided in Denver, Colorado.   Prior to being paroled, Applicant initiated this action on December 1, 2010, by filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.   ECF No. 1.

On June 16, 2011, the Court stayed this action because the state court record was not available due to the Colorado Court of Appeals' remand and the Denver District Court's need to further address the criminal case on remand.   The Court ordered Respondents to file a status report every ninety days to update the Court on the proceedings in the Denver District Court.   Over the past four years, Respondents have filed status reports as directed and indicated to the Court that the record was unavailable due to state court proceedings.   However, on September 10, 2015, Respondents

indicated that the state court record is now available.  ECF No, 76.  This Court then lifted the stay and ordered Respondents to provide the state court record.  ECF No. 77.

On November 10, 2015, Respondents filed a Motion to Dismiss.  ECF No. 80.  In the Motion, Respondents advised the Court that Applicant is deceased and provided a death certificate.  *See* ECF No. 80.

The death of a habeas corpus applicant renders the application moot and subject to dismissal.  *See, e.g.*, *Dove v. United States*, 423 U.S. 325 (1976) (dismissing certiorari petition upon petitioner's death); *Figueroa v. Rivera*, 147 F.3d 77, 82 (1st Cir. 1998) ("[Applicant's] death during the pendency of his habeas petition rendered that action moot, and no earthy circumstance can revive it."); *McMillin v. Bowersox*, 102 F.3d 987, 987 (8th Cir. 1996) (because applicant's imprisonment ended upon his death, there can be no future collateral consequences flowing from his imprisonment, and his habeas corpus application is moot); *Towns v. Martin*, 2013 U.S. Dist. LEXIS 53036, at *1-2 (W.D. Okla. Mar. 20, 2013) (collecting cases) (§ 2254 petition does not survive petitioner's death and should be dismissed with prejudice), *supplemental report & recommendation adopted*, *Towns v. Martin*, 2013 U.S. Dist. LEXIS 52200, at *1 (W.D. Okla. Apr. 11, 2013)).

The Court finds that, as a result of the death of Mr. Bynum, the instant action is moot.  Therefore, the 28 U.S.C. § 2254 Application will be denied and the action dismissed.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for

the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).   If a notice of appeal is filed, the full $505.00 appellate filing fee must be paid or a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit filed within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the Motion to Dismiss, ECF No. 80 is **GRANTED**.   It is

FURTHER ORDERED that the Application is denied and the action dismissed with prejudice as moot.   It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

Dated: November 17, 2015

BY THE COURT:

*/s/ Wiley Y. Daniel*
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE